AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

RECEIVED

6/28/2021

## UNITED STATES DISTRICT COURT
### District of New Jersey

At: 8:30_____.m

WILLIAM T. WALSH

CLERK

UNITED STATES OF AMERICA

v.

KILLIAN F. MELECIO

Defendant.

**CASE NUMBER   2:21-CR-00077-BRM-1**

### JUDGMENT IN A CRIMINAL CASE
#### (For Offenses Committed On or After November 1, 1987)

The defendant, KILLIAN F. MELECIO, was represented by Mark Garnet Davis, Esquire.

The defendant pleaded guilty to count(s) 1 of the INFORMATION on 1/26/2021.    Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:231(a)(3) | CIVIL DISORDER | 05-31-2020 | 1 |

As pronounced on June 28, 2021, the defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $100.00 for count(s) 1, which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this 28th day of June 2021.

Brian R. Martinotti
U.S. District Judge

07105

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Defendant: KILLIAN F. MELECIO
Case Number: 2:21-CR-00077-BRM-1

Judgment - Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 28 months.

The Court makes the following recommendations to the Bureau of Prisons:

The defendant is recommended to a facility near his family.

The defendant will remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Defendant: KILLIAN F. MELECIO                                   Judgment - Page 3 of 5
Case Number: 2:21-CR-00077-BRM-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

You must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

You must cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

You must comply with the following special conditions:

ALCOHOL/DRUG TESTING AND TREATMENT

You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.

MENTAL HEALTH TREATMENT

You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

LIFE SKILLS/EDUCATION

As directed by the U.S. Probation Office, you must participate in and complete any educational, vocational, cognitive or any other enrichment programs offered by the U.S. Probation Office or any outside agency or establishment while under supervision.

MOTOR VEHICLE COMPLIANCE

You must not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You must comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Defendant: KILLIAN F. MELECIO                                        Judgment - Page 4 of 5
Case Number: 2:21-CR-00077-BRM-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Defendant: KILLIAN F. MELECIO
Case Number: 2:21-CR-00077-BRM-1

Judgment - Page 5 of 5

# STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____

Defendant                                                    Date

_____

U.S. Probation Officer/Designated Witness                   Date